PIERCE, Judge.
Appellants L. M. Bottomley and his wife, defendants below, appeal to this Court from a judgment ordering specific performance of a real property contract entered by the Circuit Court for Charlotte County in a suit brought against them by appellee John E. Huddle.
On December 7, 1965, Huddle and the Bottomleys entered into a lease agreement concerning certain described property in Charlotte County, covering a period of twenty years, beginning January 20, 1966, wherein Huddle was lessee and the Bottom-leys were lessors. At the time the lease was executed the Bottomleys had a mortgage on the property to the Port Charlotte Bank, payments upon which were $277.57 per month. Under the lease Huddle agreed to continue making these monthly payments to the bank and also to pay an additional $175.00 per month directly to the Bottom-leys, making a total of $452.57 per month lease payments to be made by Huddle. The lease contained an option for purchase of the premises by Huddle for the *21 sum of $60,000.00, exercisable within four years from date of the lease upon Huddle giving thirty days written notice prior to termination of the option. The option clause provided that, in the event it was exercised, Huddle would pay off the then existing balance on the mortgage due the bank, such amount to be deducted from the $60,000.00, and that the balance of the net purchase price would be payable to the Bottomleys 25% in cash within thirty days after notice of intent to exercise the option was given and the balance payable at the rate of $3,600.00 per year, 6% per annum interest, such payments to begin one year from making of the cash payment aforesaid.
On June 20, 1967, the parties entered into a further brief written agreement, the purport of which was that if Huddle would purchase the property within thirty days therefrom, the Bottomleys would lower the purchase price to $50,000.00. Huddle thereupon forthwith arranged for a $50,-000.00 loan from the Port Charlotte Bank, from the proceeds of which the pre-exist-ing bank mortgage would be liquidated and Bottomley paid off with the remaining cash. The Bottomleys in due course refused to go through with it.
Huddle thereupon sued the Bottomleys for specific performance and, after trial of the issues, the Circuit Judge held in favor of Huddle and ordered the Bottom-leys to convey the property to Huddle upon the terms last agreed upon. The Bot-tomleys have appealed to this Court from said judgment. We affirm.
The Bottomleys make only two contentions before this Court as to why the final judgment for specific performance • was erroneous. They are, first, that the trial Judge, in effect, “modified” the terms of the purchase contract between the parties, and, second, that Huddle did not perform “all acts required” to be performed by him under the contract. Each of these contentions is untenable.
The Court did not in any way modify the terms or conditions of the purchase. The parties themselves, on June 20, 1967, modified the option provision by reducing the purchase price from $60,-000.00 to $50,000.00. When the option was exercised, or attempted to be exercised, the Court merely enforced what the parties themselves had voluntarily agreed upon.
As to the second point, the Bot-tomleys seem to argue in their brief filed here that there was not a sufficient exercise of the $50,000.00 option by Huddle to make the option binding on the Bottom-leys. But Bottomley himself, in his own testimony, admitted he had received a letter from Huddle’s attorney accepting the proposition and stating that he was “willing to go ahead with this transaction”. There was no controversy or dispute as to the essential facts involved, and the facts clearly warranted specific performance. No citation of authorities is necessary.
Affirmed.
LILIES, Acting C. J., and McNULTY, J., concur.